Curia, per

Johnson, Ch.
At the hearing, I was inclined, to think that the fund in the sheriff’s hands, although the proceeds of the sales of real estate, had become assets in the hands of the administrator for the payment of debts, and that, therefore, he might maintain an action at lavy tg recover *28 it; but, if he was not entitled to it and had no authority to dispose of it in the regular course of administration, still, the bill could not have been maintained. I therefore dismissed so much of it as relates to this subject.
.Clinton, for the motion. Withers, .contra.
On reviewing th.e case upon the argument here, I am satisfied that there was no foundation for the opinion that the complainant, as administrator, was entitled to the fund. On the death of the ancestor, the legal estate in the realty vests immediately in the heir or distributees, — subject, it is true, to. the payment of debts, but if any thing remains, they, and not the administrator, are entitled to pursue the fund. They are not parties to the bill, and there is no other allegation of the .existence of outstanding debts than the voluntary declarations of the administrator. If there are unsatisfied creditors, they are undoubtedly entitled to the fund; but it is their right, and not the administrator’s, to complain. ’
The motion to reverse the decree of the Circuit Court is therefore dismissed.
Dunkin, Ch. concurred.